SANDERS *v.* COTTON.

Opinion delivered November 4, 1918.

ATTORNEY AND CLIENT—FEE.—Where an attorney was employed in a personal injury suit under a contract whereby he was to receive one-half of all moneys or damages that he might recover, and the attorney recovered $200 for the injury, $25 for medical services and $50 to cover the attorney's expenses, the attorney was entitled to recover one-half of $275.

Appeal from Searcy Circuit Court; *Jno. I. Worthington,* Judge; reversed.

*S. W. Woods,* for appellant.

There is no conflict in the testimony. The only question is one of law. Cotton was Sanders' attorney and agent and could not avail himself of any advantage his position gave him, nor speculate for his gain. 25 Ark. 219; 90 *Id.* 301; 21 R. C. L. 825; § 10, 61 L. R. A. 176; 4 *Id.* 218. He could not serve Sanders and the company in the same transaction. 21 R. C. L. 825-6-7; 217 U. S. 286; 21 L. R. A. 54, 827 § 11 and notes; 31 Cyc. (1 Ed.) 1434 I.

Being an attorney does not change the rule, and he should account for the money received by him. 2 R. C. L. 966 to 974; 4 Cyc. (1 Ed.) 956-7-8. He had no right to appropriate part of the collections to an alleged expense account.

*E. G. Mitchell,* for appellee.

1. Appellee did not personally profit by his relationship. He is entitled to be indemnified against all losses innocently sustained on his principal's account. 25 Ark. 219; Story Agency, § § 339, 340. He acted in good faith and was entitled to his expenses. Appellant ratified the settlement. 102 Ala. 635; 150 U. S. 1280; 115 Ill. 138; 115 S. W. 1042; 76 Ark. 472.

2. Attorneys are entitled to necessary expenses. There was no conspiracy between appellee and the claim agent. 62 Ill. App. 624; 43 *Id.* 344. There was no fraud. The claim agent allowed $50 for actual necessary expenses and appellee was entitled to it and the court properly allowed it.

SMITH, J. Appellant sustained a slight injury at Vernon, Texas, through the negligence of an employee of the Fort Worth & Denver City Railway Company, and he employed appellee, who is an attorney, to represent him in the collection of damages to compensate the injury. The contract of employment was in writing, and contained the following stipulation in regard to the fee of the attor-

ney: ''The said Andrew Sanders agrees to give D. T. Cotton one-half of all moneys or damages that he may recover of or from the above named company, either by judgment or compromise, by reason of the injury aforesaid.''

A claim agent representing the railway company came to Leslie, Arkansas, the home of appellee, to negotiate a settlement, and an offer of $125 was made and refused. Later appellee went to Fort Worth, where the claim agent had an office, and there a settlement was made. Both appellee and the claim agent testified that the terms of the settlement were as follows: $200 to the appellant for his injury, $25 for a doctor for medical services, and $50 to appellee to cover the expenses of his trip to Texas. The testimony does not show whether the expenses were more or less than the $50 allowed on that account. A single voucher for $275 was drawn. Appellee asked for a separate voucher to cover his allowance for expenses, but the claim agent explained it would save him work to issue only one voucher, and this was done. Upon appellee's return home, he paid appellant $112.50, but made no division of the $50, for the reason as stated by him that it was not a part of the damages which he recovered.

It is true that both the appellee and the claim agent testified that a settlement was made for $200, and no one contradicts their testimony, and the claim agent testified, while he did not intend to make appellee a present of $50, that sum had been allowed independently of the damages, to pay appellee's expenses.

We think, however, that under the contract, the entire sum paid should have been divided. The $50 cannot be considered apart from the cause of action which was being settled, as no one testified that it was intended as a gift and apart from the subject matter of the settlement. Appellee's good faith in the matter is not questioned, but he has misinterpreted his contract. The $50 must, under the contract, be treated as a matter of law, as money re-

ceived by compromise by reason of the injury, and as such appellant is entitled to one-half of it.

The judgment of the court refusing to allow appellant his half of the $50 is therefore reversed, and judgment will be entered here for that sum.

It is so ordered.